IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **RICARDO MEDRANO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:09-1305 |
| | ) | |
| **DAVID BERKEBILE, Warden,** | ) | |
| **FCI Beckley,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Pending before the Court is Plaintiff's "Motion to Seal Records under 18 U.S.C. § 3771(e)" (Document No. 44.), filed on March 4, 2011.[1] Plaintiff requests that all records in the above proceeding be sealed as to protect Plaintiff "from reprisal/retaliation from other inmates in the Federal Bureau of Prisons." (Id., p. 2.) In support, Plaintiff states that inmates at FCI Yazoo have access to a computerized law library allowing them to view decisions by this Court that are available on Lexis Nexis. (Id.)

First, the undersigned concludes that Plaintiff is not entitled to have the Court record sealed in the above civil action pursuant to 18 U.S.C. § 3771 . Title 18, U.S.C. § 3771(e) defines a "crime victim" as a "person directly and proximately harmed as a result of the commission of a Federal offense or an offense in the District of Columbia." There is no evidence that this case involved a "crime victim" as defined by Section 3771(e).

Next, the Court will consider whether the Court record should be sealed pursuant to Rule 26.4(b)(2) of the Local Rules of Civil Procedure. A document should only be sealed in exceptional circumstances. LR Civ. P. 26.4(b)(1). Public access to Court documents "is necessary to allow interested parties to judge the Court's work product in the cases assigned to it." (Id.) Furthermore, the public has the common law right to inspect and copy judicial records and documents, and the right to

---

[1] On August 10, 2011, the undersigned filed Proposed Findings and Recommendation that this matter be dismissed. (Document No. 47.)

access to judicial proceedings. <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978); <u>In re Knight Publishing Company</u>, 743 F.2d. 231, 235 (4th Cir. 1984). Pursuant to Rule 26.4(b)(2) of the Local Rules of Civil Procedure, a motion to seal must be accompanied by a memorandum of law setting forth the following:

 (A) The reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;

 (B) The requested duration of the proposed seal; and

 (C) A discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

Based upon a review of the record, the Court finds that Plaintiff's Motion to Seal should be denied. Plaintiff does not allege that the record contains sensitive, confidential, or personal information. Plaintiff merely requests that the record be sealed because he fears "reprisal/retaliation from other inmates." The Court, therefore, finds no good cause shown for sealing the Court record in the above case. Accordingly, it is hereby **ORDERED** that Plaintiff's "Motion to Seal Records Under 18 U.S.C. § 3771(e)" (Document No. 44.) is **DENIED**.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within ten days. If objections are filed, the District Court, United States District Judge Berger presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is directed to transmit a copy of this Order to counsel of record and send a copy to Plaintiff, who is acting *pro se*.

ENTER: August 26, 2011.

R. Clarke VanDervort
United States Magistrate Judge